9793

## C. M. DAVIS & SON v. BUTLER.

### (93 S. E. 193.)

SUBROGATION — PURCHASER OF MORTGAGED PROPERTY — RIGHTS OF · PURCHASER.—A chattel mortgagor sold a bale of cotton covered by a mortgage, but failed to apply the proceeds to the mortgage debt. The mortgagee sued the purchaser for possession. After seizure of the cotton, but before it was delivered to the mortgagee, the purchaser paid the mortgagee the full amount due on the mortgage, and the mortgagee assigned the mortgage and the debt secured by it to him. *Held,* that he was not a mere volunteer, and, having paid the mortgage with the understanding that it should not become extinguished, he could recover the balance of the mortgaged property from the mortgagor and subject it to the mortgage debt.

Before MEMMINGER, J., Manning, ——, 1916. Affirmed.

Action by C. M. Davis & Son against Parker Butler. Judgment for plaintiffs, and defendant appeals.

*Mr. J. J. Cantey,* for appellant, cites: *As to rights of mortgagee:* 45 C. C. A. 271; 138 Mass. 586; 15 Colo. 131; 83 S. C. 80; 5 A. & E. Ann. Cas. 515; 1 Porter (Ala.) 423. *Trespass:* 85 S. C. 346; 5 A. & E. Enc. of L. 999.

*Mr. W. C. Davis,* for respondent, cites: 40 Cyc. 222, 223; 28 A. & E. Enc. of L. 499.

August 16, 1917.

The opinion of the Court was delivered by MR. JUSTICE HYDRICK.

Parker Butler and Mackey Brown gave Summerton Gin Company a chattel mortgage for $60. Brown sold Davis & Son a bale of cotton covered by the mortgage, but failed to appply the proceeds of sale to the mortgage debt. The gin company sued Davis & Son for possession of the cotton

to subject it to the mortgage debt. After seizure of the cotton in that action, but before it was delivered to the gin company, Davis & Son paid the gin company $63, the amount due on the mortgage and the costs of the action, and the gin company assigned the mortgage and the debt secured by it to Davis & Son, without recourse. Davis & Son then sued Butler and Brown for the balance of the property covered by the mortgage, to subject it to the mortgage. Butler set up the defense that the mortgage had been paid by Davis & Son with the proceeds of the cotton sold them by Brown, and, therefore, the mortgage could not serve as the basis of an action for the recovery by them of the property sued for. The defense was overruled, and Davis & Son had judgment for the property, or $63, the amount due on the mortgage.

Butler appealed, and contends here, as in the Courts below, that Davis & Son were mere volunteers, and when they paid the gin company the amount due on the mortgage it was satisfied. Appellant's contention is based upon the erroneous assumption of fact that Davis & Son paid the gin company the amount due on the mortgage for the benefit of the mortgagors. If that was so, there would be merit in his contention. But the undisputed evidence shows that it was not the intention of the parties to satisfy the mortgage, but rather to keep it alive, and that was why it was assigned to Davis & Son. They bought it and paid for it to protect themselves. Payment of the amount of the mortgage debt by Davis & Son did not extinguish or discharge the lien, because they paid it with the intention and understanding that it should not so operate, but that the mortgage should be assigned to them. There is not a particle of evidence tending to support appellant's view of the transaction, and there is no principle of law upon which it can be sustained. His contention that Davis & Son paid the mortgage debt with the cotton sold them by Brown, or the proceeds of it, is wholly untenable, because they paid the price of that bale of cotton to Brown.

The gin company could have waived its right to follow the cotton sold by Brown, and it could have proceeded to collect the mortgage debt out of the other property covered by the mortgage. That right was not concluded by bringing the action against Davis & Son for the cotton. They had the right to abandon pursuit of that part of the mortgaged property any time before it was applied in payment of the mortgage debt. In equity and good conscience it was the duty of the gin company to do what they could, without prejudicing their own rights, to protect *bona fide* purchasers for full value of part of the property mortgaged to them. And while Davis & Son might have had the right to go into equity and require the gin company to exhaust the other property covered by the mortgage before coming upon the cotton sold them by Brown, yet, as this equity in their favor might have been doubtful, since the two-fund doctrine may not be applied by the Court where its application would result in too great prejudice to the rights of the senior lienee, or drive him to litigation, or a doubtful security (*Witte* v. *Clarke,* 17 S. C. 313, 328), they adopted the more expeditious and less expensive course of buying the mortgage; and, as assignees thereof, they exercised the same right which the assignor could have exercised. Under the assignment, they had the same rights that the original mortgagee, or any other purchaser, would have had.

Judgment affirmed.